NINTH FEDERAL SAVINGS AND LOAN ASSOCIATION OF NEW YORK CITY, Plaintiff, v. PARKWAY WEST CORPORATION et al., Defendants.

Supreme Court, Westchester County, July 1, 1943.

*Irving J. Bland* for defendants.

*Harry Nassberg* for plaintiff.

NOLAN, J. The defendant Radding is not precluded, by applications heretofore made to the court, and the court's denial of a stay on such applications, from making an application, at this time, for a stay of further proceedings. Section 311 of the Military Law provides that on an application of this character, the court *shall*, unless in the opinion of the court the ability of the defendant to comply with the terms of the obligation is not materially affected by reason of his military service, (a) stay the proceeding, as provided in this Act, or (b) make such other disposition of the case as may be equitable to conserve the interests of all parties.

The provisions of the statute apply only to obligations originating prior to October 17, 1940, and secured by mortgage upon property owned by a person in military service at the commencement of military service, and still so owned by him. By section 317 of the same statute it is provided that if, in any proceeding to enforce a civil right, it is made to appear to the satisfaction of the court that any property has been transferred or acquired with intent to delay the just enforcement of such right by taking advantage of the statute, the court shall enter such judgment, or make such order as might lawfully be entered or made, the provisions of the statute to the contrary notwithstanding.

Concededly, the obligation originated prior to October 17, 1940, the property affected was owned by the moving defendant at the time of the commencement of this action, and is still so owned, and the action was commenced during the period of defendant's military service.

It is not conceded, however, that the property was owned by the defendant at the commencement of his military service, or that his ability to comply with the terms of the bond and mortgage have been materially affected by such service. It is contended by plaintiff that the transfer of title to the defendant was made for the purpose of delaying plaintiff in the enforcement of its rights, and is an evasive transfer, within the meaning of section 317 of the Military Law.

The issues raised can not be decided on affidavits. If defendant's case falls within the provisions of the statute, and the transfer to defendant was not evasive, the court must grant relief. An order may be presented, therefore, referring to a referee, to determine and report, the following questions:

1. Was the interest acquired by defendant Jason Radding in the property affected by the mortgage under foreclosure, owned by him at the commencement of the period of his military service?

2. If such interest was so owned by this defendant, has his ability to comply with the terms of the bond and mortgage been materially affected by such military service?

3. If such interest was so owned, was such interest transferred or acquired with intent to delay the just enforcement of plaintiff's rights by taking advantage of the provisions of article XIII of the Military Law of the State of New York, or of the provisions of the Federal Soldiers' and Sailors' Civil Relief Act (U. S. Code, tit. 50, Appendix, § 501 *et seq.*)?

The motion is denied, insofar as other relief is sought, since the provisions of section 1077-g of the Civil Practice Act do not apply to the mortgage under foreclosure.

Settle order on notice.