NINTH FEDERAL SAVINGS AND LOAN ASSOCIATION OF NEW YORK CITY, Plaintiff, *v.* PARKWAY WEST CORPORATION et al., Defendants.

Supreme Court, Westchester County, December 3, 1943.

*Levine & Meckler* for Jason D. Radding, defendant.

*Harry Nassberg* for plaintiff.

J. ADDISON YOUNG, Official Referee. By order (181 Misc. 224) dated August 31, 1943, the following questions were referred to me to take testimony upon and to report thereon to the court:

" 1. Was the interest acquired by defendant Jason Radding in the property affected by the mortgage under foreclosure owned by him at the commencement of the period of his military service?

" 2. If such interest was so owned by this defendant has his ability to comply with the terms of the bond and mortgage been materially affected by such military service?

" 3. If such interest was so owned, was such interest transferred or acquired with intent to delay the just enforcement of plaintiff's rights by taking advantage of the provisions of Article XIII of the Military Law of the State of New York or of the provisions of the Federal Soldiers' and Sailors' Civil Relief Act? "

This action was brought to foreclose a mortgage made by the defendant Parkway West Corporation to the plaintiff. The defendant Jason D. Radding was secretary and treasurer of this corporation. On March 25, 1942, Radding executed a deed from Parkway West Corporation as treasurer thereof, to his sister Gladys Bland and himself. The same date, namely, March 25, 1942, Radding entered the military service of the United States. Radding was personally served with the summons and complaint in this foreclosure action at an army camp in Kansas, on September 15, 1942. The foreclosure action was tried on May 5, 1943, and judgment was thereafter entered,

and the defendant Radding then made the present application for a stay under the provisions of the New York State Soldiers' and Sailors' Civil Relief Act.

This motion coming on to be heard at Special Term was held in abeyance pending the report by me pursuant to the order of August 31, 1943, already referred to.

I do not propose to recite the testimony taken before me. It is submitted herewith, and I am clearly of the opinion that the ability of the defendant to comply with the terms of the mortgage obligation has not been materially affected by reason of his military service. His own testimony shows that his financial condition was such that it would have been impossible at any time since the action was begun, to have redeemed the property; and I am further of the opinion that the defendant, Jason D. Radding, acquired his interest in the property under foreclosure, by the deed referred to, with the intent to delay the just enforcement of plaintiff's rights by taking advantage of the provisions of the Federal Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 501 *et seq.*). The circumstances attending the transfer plainly indicate this.

(On motion to confirm report, December 28, 1943.)

NOLAN, J. Motion to confirm report of Official Referee, and for an order denying a stay, and vacating a stay pursuant to order heretofore made, granted. The learned Official Referee has found that the circumstances attending the transfer of the property which secures plaintiff's mortgage plainly indicate that the transfer was made with intent to delay the just enforcement of plaintiff's rights by taking advantage of the Soldiers' and Sailors' Civil Relief Act of 1940 (U. S. Code, tit. 50, Appendix, § 501 *et seq.*). The conclusion appears to be supported by the evidence. Settle order on notice.